UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
PETER BEARD STUDIO, LLC,                  :     "ECF CASE"

           Plaintiff,           :     07 Civ. 3184 (LLS)

    v.                                  :     COMPLAINT

LUCA GIUSSANI and ARNE ZIMMERMAN,          :     Plaintiff Demands
                                                 a Trial by Jury
           Defendants.          :
- - - - - - - - - - - - - - - - X

       Plaintiff, by its attorneys Shatzkin & Mayer, P.C., for her complaint alleges:

### The Parties

1. Plaintiff is a limited liability company duly formed and existing pursuant to the laws of the State of Delaware, with its principal place of business at 205 West 57th Street, New York, New York, and is the exclusive representative of the internationally known, critically acclaimed photographer and artist Peter Beard ("Beard").

2. Defendant Luca Giussani ("Giussani") is an individual who, upon information and belief, is a citizen and resident of Miami, Florida.

3. Defendant Arne Zimmerman ("Zimmerman") is an individual who, upon information and belief, is a citizen and resident of New

Case 1:07-cv-03184-LLS    Document 1    Filed 04/20/2007    Page 2 of 7

York, New York, doing business as "Pablo's Birthday," an art gallery, having its principal place of business at 84 Franklin Street, New York, New York.

## Jurisdiction and Venue

4. This action is for copyright infringement and unfair competition, arising under the United States Copyright Act, Title 17, U.S. Code, and Lanham Act, Title 15, U.S. Code.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1338.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a), because both defendants may be found in this district, a substantial part of the acts complained of occurred in the district and the property that is the subject of the action is situated in the district.

## Allegations Common to the Claims

7. In 1965, Beard created a photographic image of a man and crocodile and has since created works of art incorporating that photograph, which bears the title "The Mingled Destinies of Man and Crocodile" (the "Beard Photograph").

8. The Beard Photograph is wholly original with Beard and constitutes copyrightable subject matter under the laws of the United States.

9. Beard is the sole owner of the copyright in the Beard Photograph, which was duly registered in the U.S. Copyright Office as part of the book Eyelids of Morning on January 11, 1974, and receiving U.S. Copyright registration number A-527582.

10. As the owner of the Beard Photograph copyright, Beard has the exclusive right to reproduce and distribute the Beard Photograph and to prepare derivatives of it.

11. On or about February 9, 2001, Peter Beard authorized his wife Nejma Beard to act on his behalf as his exclusive agent with respect to all his business affairs. Mrs. Beard conducts business as his exclusive agent through plaintiff.

12. As such, plaintiff handles, <u>inter alia</u>, all sales, commissioning and licensing of Peter Beard's works and has been very active in monitoring the market for fakes and forgeries.

13. On or about April 16, 2007, Mrs. Beard discovered that Giusanna was offering to Zimmerman an artwork of what he claimed was "Man with Crocodile" [sic] by Peter Beard (the "Counterfeit Work").

14. The Counterfeit Work bears a signature in Beard's name near the middle of the Counterfeit Work.

15. Based on a personal examination of the Counterfeit Work at Zimmerman's premises by Mrs. Beard, and the plaintiff's Studio Manager, Albina De Meio, plaintiff has determined that the Counterfeit Work is not an authentic print of the Beard

Photograph, not an original Beard artwork, and not otherwise authorized by plaintiff.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Defendants have infringed Beard's copyright.

18. Giussani's infringement is willful, as that term is used in section 504(c)(2) of the Copyright Act.

19. By reason of the foregoing, plaintiff has been damaged in an amount to be determined.

20. In addition, defendants' infringement threatens plaintiff with irreparable injury, including to the value of Beard's artworks and reputation.

21. By virtue of the foregoing, plaintiff is entitled to an injunction, statutory or actual damages to be proved at trial, attorneys' fees and other relief, pursuant to the U.S. Copyright Act.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

23. The public recognizes Beard's work, including without limitation the Beard Photograph, and his other iconic photographs, as distinctive works of the highest professional quality.

24. The Beard Photograph and derivative artworks of it created by Beard have been included in numerous books about contemporary photography.

25. Original Beard artworks incorporating the Beard Photograph sell that are the same size as the Counterfeit Work at retail for between $50,000 and $75,000.

26. By virtue of sustained, diligent marketing and promotion and of their wide dissemination in books and popular media, Beard's artworks, and particularly those incorporating the Beard Photograph, have acquired secondary meaning and are associated by the public with Peter Beard as their source.

27. Goodwill of enormous value has come to be associated with artworks and photographs bearing Peter Beard's name.

28. Plaintiff has not granted either defendant the right to reproduce the Beard Photograph or make derivative works of it.

29. Plaintiff has not authorized the creation of the Counterfeit Work, nor granted to anyone the right to display, print, affix or otherwise use Peter Beard's name on or in connection with the Counterfeit Work.

30. The Counterfeit Work is grossly inferior in quality to Beard's artworks that plaintiff offers for sale.

31. Defendants' use of Beard's name and a counterfeit of the Beard Photograph constitutes a false designation of origin, wrongly representing to the public that Beard has endorsed, sanctioned, approved or consented to, or was involved in, the creation and exploitation of the Counterfeit Work, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

32. Giussani's violations of section 43(a) have been committed willfully, wantonly, maliciously and with reckless disregard for plaintiff's rights.

33. By reason of the foregoing violations of Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a), defendants have caused damage to plaintiff and threaten plaintiff with irreparable injury.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, as follows:

(a) enjoining both defendants, their agents and representatives, and anyone acting in concert with any of them from offering for sale, selling or conveying the Counterfeit work;

(b) enjoining both defendants, their agents and representatives, and anyone acting in concert with any of them from representing in any manner that the Counterfeit Work is associated with or originated from plaintiff or Peter Beard and from using Beard's name in connection with the Counterfeit Work;

(c) requiring defendants to deliver up the Counterfeit Work to plaintiff for destruction;

(d) awarding plaintiff actual damages in an amount to be determined or statutory damages fixed by the Court, at its election;

(e) awarding plaintiff its reasonable attorney's fees;

(f) as against Giussani, awarding plaintiff statutory damages for willful infringement pursuant to 17 U.S.C. § 504, and treble damages pursuant to 15 U.S.C. § 1117; and

(e) awarding such other and further relief as the Court deems just and proper, including the costs and disbursements of this action.

Dated:   New York, New York
         April 20, 2007

                                        SHATZKIN & MAYER, P.C.

                                        By  *Karen Shatzkin*
                                            Karen Shatzkin (KS 8598)
                                        Attorneys for Plaintiff
                                        1776 Broadway, 21st Floor
                                        New York, New York 10019-2002
                                        (212) 684-3000