```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                                "ECF CASE"
PETER BEARD STUDIO, LLC,              :
                                                07 Civ. 3184 (LLS)
            Plaintiff,                :

      v.                              :

LUCA GIUSSANI and ARNE ZIMMERMAN,     :

            Defendants.               :

- - - - - - - - - - - - - - - - - X
```

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS ORDER TO SHOW
CAUSE FOR A PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

Preliminary Statement

This emergency action is brought by the studio of respected artist and photographer Peter Beard in the face of defendants' willful infringement of Beard's exclusive rights in his valuable artwork and their passing off of a counterfeit as his work. In order to avoid the very immediate threat of irreparable injury, the Peter Beard Studio, LLC ("Studio") asks the Court to restrain and enjoin the counterfeit work until it can be impounded and destroyed.

Statement of Facts

The relevant facts are set forth in the accompanying affidavit of Nejma Beard, sworn to on April 20, 2007, to which the Court is respectfully referred.

Argument

PLAINTIFF AMPLY MEETS THE
REQUIREMENTS FOR THE ISSUANCE OF
A TRO AND PRELIMINARY INJUNCTION

The factors to be considered in granting a temporary restraining order and preliminary injunctive relief are well settled in this Circuit: (1) irreparable harm should the TRO/injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward that party. Fed. R. Civ. P. 65; Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006).

Consideration of each of those factors plainly demonstrates that plaintiff is entitled to a temporary restraining order and a preliminary injunction.

In order to obtain a temporary restraining order without prior notice, the threat of irreparable injury must be immediate. Fed. R. Civ. P. 65(b). Defendant Arne Zimmerman ("Zimmerman") has stated that he will return the counterfeit to defendant Luca Giussani next Saturday, April 29, 2007, pursuant

- 2 -

to their earlier arrangements. Giussani lives in Miami, Florida. Thus, the threat of irreparable injury to plaintiff is clearly immediate.

The counterfeit presently in Zimmerman's custody is an unauthorized copy of Peter Beard's highly regarded, valuable photographic image, "Mingled Destinies of Man and Crocodile" (the "Beard Photograph"). Zimmerman's view that he must return the counterfeit to Giussani, and Giussani's willful indifference to plaintiff's rights, and willingness to cash in on Beard's success, warrant injunctive relief. Should Giussani be allowed to proceed to sell this counterfeit elsewhere, he will not only jeopardize plaintiff's investment in the Beard Photograph and the intellectual property rights associated with it, which is significant (Beard Aff. ¶ 10); he will also injure the reputation for quality iconic contemporary photography that Beard and the Studio have worked so long to establish and maintain for Peter Beard artworks.

Irreparable injury to plaintiff is to be presumed here because plaintiff has demonstrated a clear probability of success on the merits of its copyright infringement claim. Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 124 (2d Cir. 1994); Merit Diamond Corp. v. Frederick Goldman, Inc., 376 F. Supp. 2d 517, 525 (S.D.N.Y. 2005).

Even in the absence of the presumption of irreparable harm, it is well settled that an injury is irreparable when, as

here, it cannot be redressed by a monetary award, or where damages are difficult to measure. <u>JSG Trading Corp.</u> v. <u>Tray-Wrap, Inc.</u>, 917 F.2d 75, 79-80 (2d Cir. 1990). Moreover, the "palming off" of the counterfeit as a genuine photograph by Peter Beard will unquestionably cause harm to his reputation. This is all the more the case where the counterfeit is of such poor quality. (Beard Aff. ¶¶ 22, 24-29.) Loss of reputation cannot be compensated adequately with a damage award. <u>National Lampoon, Inc.</u> v. <u>American Broadcasting Co.</u>, 376 F. Supp. 733 (S.D.N.Y.), <u>aff'd</u>, 497 F.2d 1343 (2d Cir. 1974).

Furthermore, the price range at which the counterfeit was being offered for sale by Zimmerman threatens to undermine the entire price structure established by plaintiff for Beard's artworks. Such an injury to investment and competitive position has been held to support an injunction. <u>See</u> <u>Kraft General Foods, Inc.</u> v. <u>Friendship Dairies, Inc.</u>, 1991 WL 149755 *5 (S.D.N.Y. June 26, 1991).

One reason for the relatively low sale price is likely the poor quality of the counterfeit (<u>see</u> Beard Aff. ¶¶ 24-29 and Exhs. G, I, J), but the very offer of a fake is damaging to plaintiff. Precisely such injury from copyright infringement has been held to be grounds for granting a preliminary injunction. The Second Circuit has observed:

> [T]he irreparable harm in cases such as this often flows not so much from some specific reduction "in fact" to an individual's name or reputation, but rather from the wrongful

> attribution to the individual, in the eye of the
> general public, of responsibility for actions
> over which he or she has no control.

King v. Innovation Books, 976 F.2d 824, 832 (2d Cir. 1992).

Finally, plaintiff undeniably would suffer more hardship without a temporary restraining order than defendants will if their infringement is enjoined.  Giussani can hardly be heard to complain of a financial loss on his investment in the counterfeit.  As one court properly stated, "Copyright infringement can be expensive."  Woods v. Universal City Studios, Inc., 920 F. Supp. 62, 65 (S.D.N.Y. 1996) (enjoining Universal's distribution of a motion picture which incorporated, without authorization, a copyrighted drawing).

Pursuant to section 502 of the U.S. Copyright Act, 17 U.S.C. § 502, and Rule 65 of the Federal Rules of Civil Procedure, this Court is empowered to enjoin defendants' infringement of Beard's copyright.

Under 17 U.S.C. § 503(a), this Court also may order the immediate impounding of the counterfeit, which is "claimed to have been made or used in violation of the copyright owner's exclusive rights."  Impounding is intended to ensure the eventual destruction of the infringing article when and if the plaintiff prevails.  Jeweler's Circular Publishing Co. v. Keystone Publishing Co., 274 F. 932 (S.D.N.Y. 1921), aff'd, 281 F. 83 (2d Cir.), cert. denied, 259 U.S. 581 (1922).

Impoundment is a proper preliminary remedy when the plaintiff shows a likelihood of success. E.g., <u>WPOW, Inc.</u> v. <u>MRLI Enterprises</u>, 584 F. Supp. 132 (D.D.C. 1984). Plaintiff has amply shown that likelihood here.

It is appropriate for the Court to order that the impounded counterfeit be released to the custody and control of plaintiff or its designated agents. <u>First Technology Safety Systems, Inc.</u> v. <u>Depinet</u>, 11 F.3d 641, 648 (6th Cir. 1993).

### Conclusion

For the foregoing reasons, plaintiff's application should be granted in its entirely.

Dated:  New York, New York
        April 20, 2007

                                    SHATZKIN & MAYER, P.C.

                                    By _____
                                       Debra A. Mayer (DM 6381)
                                    Attorneys for Plaintiff
                                    1776 Broadway, 21st Floor
                                    New York, New York 10019-2002
                                    (212) 684-3000