**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

PETER BEARD STUDIO, LLC,                   :
and PETER BEARD,                                          07 Civ. 3184 (LLS)

                                           :

                    Plaintiffs,

                                           :        PROPOSED AMENDED
          v.                                        COMPLAINT

                                           :        Plaintiffs Demand
LUCA GIUSSANI,                                      a Trial by Jury

                                           :
                    Defendant.

                                           :
- - - - - - - - - - - - - - - - - X


          Plaintiffs, by their attorneys Shatzkin & Mayer, P.C.,

for their complaint allege:


                         The Parties


          1.  Plaintiff Peter Beard Studio, LLC ("Studio") is a

limited liability company duly formed and existing pursuant to the

laws of the State of Delaware, with its principal place of

business at 205 West 57th Street, New York, New York, and is

wholly owned by Peter Beard.

          2.  Plaintiff Peter Beard ("Beard") is an artist,

photographer and writer who is a citizen and resident of Montauk

and New York, New York.

          3.  Defendant Luca Giussani ("Giussani") is an individual

who, upon information and belief, is a citizen of Italy and a

resident of Miami, Florida.

## Jurisdiction and Venue

4.  This action is for copyright infringement and unfair competition, arising under the United States Copyright Act, Title 17, U.S. Code, and Lanham Act, Title 15, U.S. Code.

5.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1338.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a), because defendant may be found in this district, a substantial part of the acts complained of occurred in the district and the property that is the subject of the action is situated in the district.

## Allegations Common to the Claims

7.  In 1965, Beard created a photographic image of a man and crocodile and has since created works of art incorporating that photograph, which bears the title "The Mingled Destinies of Man and Crocodile" (the "Beard Photograph").

8.  The Beard Photograph is wholly original with Beard and constitutes copyrightable subject matter under the laws of the United States.

9.  Beard is the sole owner of the copyright in the Beard Photograph, which was duly registered in the U.S. Copyright Office as part of the book Eyelids of Morning on January 11, 1974, and receiving U.S. Copyright registration number A-527582.

10. As the owner of the Beard Photograph copyright, Beard has the exclusive right to reproduce and distribute the Beard Photograph and to prepare derivatives of it.

11. On or about February 9, 2001, Beard authorized his wife Nejma Beard to act on his behalf as his exclusive agent with respect to all his business affairs.  Mrs. Beard conducts business as his exclusive agent through the Studio.

12. As such, the Studio handles, <u>inter alia</u>, all sales, commissioning and licensing of Beard's works and has been very active in monitoring the market for fakes and forgeries.

13. On or about April 16, 2007, Mrs. Beard discovered that Giussani was offering for sale an artwork he claimed was "Man with Crocodile" [sic] by Peter Beard (the "Counterfeit Work").

14. The Counterfeit Work bears a signature in Beard's name near the middle of the Counterfeit Work.

15. Based on a personal examination of the Counterfeit Work by Mrs. Beard and the plaintiff's Studio Manager, Albina De Meio, plaintiffs determined that the Counterfeit Work is not an authentic print of the Beard Photograph and not an original Beard artwork.

16. Instead, the Counterfeit Work is an enlarged, apparently scanned copy of the Beard Photograph, with blood, ink and items affixed to it by someone other than Beard.

- 3 -

17. Neither the copying of the Beard Photograph nor its incorporation into the Counterfeit Work was authorized by plaintiffs.

### FIRST CLAIM FOR RELIEF
#### (Copyright Infringement)

18. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant has infringed Beard's copyright.

20. Defendant's infringement is willful, as that term is used in section 504(c)(2) of the Copyright Act.

21. By reason of the foregoing, plaintiffs have been damaged in an amount to be determined.

22. In addition, defendant's infringement threatens plaintiffs with irreparable injury, including to the value of Beard's artworks and reputation.

23. By virtue of the foregoing, plaintiffs are entitled to an injunction, statutory or actual damages to be proved at trial, attorneys' fees and other relief, pursuant to the U.S. Copyright Act.

### SECOND CLAIM FOR RELIEF
#### (Unfair Competition)

24. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

25. The public recognizes Beard's iconic photographs, including the Beard Photograph, and the derivative artworks

- 4 -

incorporating these photographs, as distinctive works of the highest professional quality.

26. The Beard Photograph and derivative artworks of it created by Beard have been included in numerous books about contemporary photography.

27. Original Beard artworks incorporating the Beard Photograph that are the same size as the Counterfeit Work sell at retail for between $50,000 and $75,000.

28. By virtue of sustained, diligent marketing and promotion and of wide dissemination in books and popular media, Beard's artworks, including those incorporating the Beard Photograph, have acquired secondary meaning and are associated by the public with Peter Beard as their source.

29. Goodwill of enormous value has come to be associated with artworks and photographs bearing Beard's name.

30. Plaintiffs have not granted defendant the right to reproduce the Beard Photograph or make derivative works of it.

31. Plaintiffs have not authorized the creation of the Counterfeit Work, nor granted to anyone the right to display, affix or otherwise use Beard's name on or in connection with the Counterfeit Work.

32. The Counterfeit Work is grossly inferior in quality to Beard's artworks that the Studio offers for sale.

33. Defendant's use of Beard's name on a counterfeit of the Beard Photograph constitutes a false designation of origin,

- 5 -

wrongly representing to the public that plaintiffs have, either individually or jointly, endorsed, sanctioned, approved or consented to, or were involved in, the creation and exploitation of the Counterfeit Work.

34. Defendant by these actions has violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

35. Defendant's violations of section 43(a) have been committed willfully, wantonly, maliciously and with reckless disregard for plaintiffs' rights.

36. By reason of the foregoing, defendant has caused damage to plaintiffs and threatens plaintiffs with irreparable injury.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

(a) enjoining defendant, his agents and representatives, and anyone acting in concert with him from offering for sale, selling or conveying the Counterfeit Work;

(b) enjoining defendant, his agents and representatives, and anyone acting in concert with him from representing in any manner that the Counterfeit Work is associated with or originated from plaintiff or Peter Beard and from using Beard's name in connection with the Counterfeit Work;

(c) requiring defendant to deliver up the Counterfeit Work to plaintiffs for destruction;

        (d) awarding plaintiff actual damages in an amount to be
determined, or at plaintiffs' election on the first claim,
statutory damages fixed by the Court;

        (e) awarding plaintiffs their reasonable attorney's fees;

        (f) awarding plaintiffs statutory damages for willful
infringement pursuant to 17 U.S.C. § 504, and treble damages
pursuant to 15 U.S.C. § 1117; and

        (e) awarding such other and further relief as the Court
deems just and proper, including the costs and disbursements of
this action.

Dated:  New York, New York
        May 7, 2007


                            SHATZKIN & MAYER, P.C.


                            By_____
                               Karen Shatzkin (KS 8598)
                            Attorneys for Plaintiff
                            1776 Broadway, 21st Floor
                            New York, New York 10019-2002
                            (212) 684-3000


                              - 7 -

**EXHIBIT C**

Page 1

FORM A

| CLASS | REGISTRATION NO. |
|---|---|
| **A** | A 527582 |
| | DO NOT WRITE HERE |

# Application for Registration of a Claim to Copyright
## in a published book manufactured in the United States of America

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be **SIGNED** at line 10 and the **AFFIDAVIT** (line 11) **must be COMPLETED AND NOTARIZED.** The application should not be submitted until after the date of publication given in line 4, and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies. Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C., 20540, together with 2 copies of the best edition of the work and the registration fee of $6. Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). Ordinarily the name(s) should be the same as in the notice of copyright on the copies deposited.

Name ..... Peter Beard (illustrations) .....

Address ..... Montauk, Long Island .....

Name .....

Address .....

**2. Title:** ..... EYELIDS OF MORNING .....
(Give the title of the book as it appears on the title page)

**3. Authors:** Citizenship and domicile information must be given. Where a work was made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. Authors may be editors, compilers, translators, illustrators, etc., as well as authors of original text. If the copyright claim is based on new matter (see line 5) give requested information about the author of the new matter.

Name ..... Peter Beard (illustrations only) .....     Citizenship ..... U.S.A. .....
(Give legal name followed by pseudonym if latter appears on the copies)     (Name of country)

Domiciled in U.S.A. Yes ... X ... No ..... Address ..... Montauk, Long Island .....

Name .....     Citizenship .....
(Give legal name followed by pseudonym if latter appears on the copies)     (Name of country)

Domiciled in U.S.A. Yes ..... No ..... Address .....

Name .....     Citizenship .....
(Give legal name followed by pseudonym if latter appears on the copies)     (Name of country)

Domiciled in U.S.A. Yes ..... No ..... Address .....

**4. Date of Publication of This Edition:** Give the complete date when copies of this particular edition were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. (**NOTE:** The full date (month, day, and year) must be given.) For further information, see page 4.

..... December 15, 1973 .....
(Month)     (Day)     (Year)

▶▶ **(NOTE: Leave line 5 blank unless the following instructions apply to this work.)** ◀◀

**5. New Matter in This Version:** If any substantial part of this work has been previously published anywhere, give a brief, general statement of the nature of the new matter published for the first time in this version. New matter may consist of compilation, translation, abridgment, editorial revision, and the like, as well as additional text or pictorial matter.

..... .....

▶▶ NOTE: | Leave line 6 blank unless there has been a PREVIOUS FOREIGN EDITION in the English language. | ◀◀

**6. Book in English Previously Manufactured and Published Abroad:** If all or a substantial part of the text of this edition was previously manufactured and published abroad in the English language, complete the following spaces:

Date of first publication of foreign edition ..... (Year)     Was registration for the foreign edition made in the U.S. Copyright Office? Yes ..... No .....

If your answer is "Yes," give registration number .....

EXAMINER

*Complete all applicable spaces on next page*

Page 1

7. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:

Check sent previously -

8. Name and address of person or organization to whom correspondence or refund, if any, should be sent:

Name New York Graphic Society Ltd.    Address 140 Greenwich Avenue, Greenwich, Conn.

9. Send certificate to:

(Type or print name and address)

Name  New York Graphic Society Ltd.

Address  140 Greenwich Avenue
(Number and street)

Greenwich, Connecticut  06830
(City)          (State)          (ZIP code)

10. **Certification:** (NOTE: Application not acceptable unless signed)
I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

(Signature of copyright claimant or duly authorized agent)

11. **Affidavit (required by law.)**  Instructions: (1) Fill in the blank spaces with special attention to those marked "(X)." (2) Sign the affidavit before an officer authorized to administer oaths within the United States, such as a notary public. (3) Have the officer sign and seal the affidavit and fill in the date of execution.
NOTE: The affidavit must be signed and notarized only *on or after* the date of publication or completion of printing which it states. The affidavit *must* be signed by an individual.

STATE OF  Connecticut

COUNTY OF  Fairfield

I, the undersigned, depose and say that I am the
☐ Person claiming copyright in the book described in this application;
☐ Duly authorized agent of the person or organization claiming copyright in the book described in this application;
☐ Printer of the book described in this application.

That the book was published or the printing was completed on: (X)  December 15, 1973
(Give month, day, and year)

That of the various processes employed in the production of the copies deposited, the setting of the type was performed within the limits of the United States or the making of the plates was performed within the limits of the United States from type set therein; or the lithographic or photoengraving processes used in producing the text were wholly performed within the limits of the United States, and that the printing of the text and the binding (if any) were also performed within the limits of the United States.  That such typesetting, platemaking, lithographic or photoengraving process, printing, and binding were performed by the following establishments or individuals at the following addresses:
**(GIVE THE NAMES AND ADDRESSES OF THE PERSONS OR ORGANIZATIONS WHO PERFORMED SUCH TYPESETTING OR PLATEMAKING OR LITHOGRAPHIC PROCESS OR PHOTOENGRAVING PROCESS OR PRINTING AND BINDING, ETC.)**

Names (X)  Rapoport Printing Corp.    Addresses (X)  195 Hudson Street, New York, N.Y.

Horowitz & Son Binders    305 Allwood Rd. Clifton, New Jersey

(Signature of affiant)

[Sign and notarize only on or after date given above]

PLACE
NOTARIAL SEAL
HERE

Subscribed and sworn to / affirmed  before me this  25th
My Commission Expires Mar. 31, 1976
day of  April  19 74

(Signature of notary)

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application and affidavit received | |
| Two copies received  JAN 11 1974 | |
| Fee received  139091 | |
| Renewal | |

U.S. GOVERNMENT PRINTING OFFICE : 1967 O—243—681

Page 2

Instructi
complete
be SIGN
COMPLE
submitte
should s
informati

1. Copy
should b
C
Name ---

Address .

Name ---

Address

2. Title

3. Aut
Where
citizens
law sho
S
Name ---

Domicil

Name ...

Domicil

Name

Domici

4. Da
when
sold, .

5. N
work
staten

6. B
prev:

Date

If y