UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PETER BEARD STUDIO, LLC,                    :        07 Civ. 3184 (LLS)

                          Plaintiff,        :

          v.                                :

LUCA GIUSSANI and ARNE ZIMMERMAN,           :

                          Defendants.       :

------------------------------------------------------------X


REPLY MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO
DISMISS COMPLAINT
AND VACATE TEMPORARY RESTRAINING ORDER
OR IN THE ALTERNATIVE TO INCREASE INJUNCTION BOND


Dated: New York, New York
       May 9, 2007

                                        DUNNINGTON BARTHOLOW &
                                        MILLER LLP
                                        Raymond J. Dowd (RD-7508)
                                        *Attorneys for Defendant Luca Giussani*
                                        477 Madison Avenue, 12th Floor
                                        New York, NY 10022
                                        Tel: (212) 682-8811
                                        Fax: (212) 661-7769
                                        Email: rdowd@dunnington.com

# TABLE OF CONTENTS

I.  Plaintiffs Have Failed To Show Irreparable Harm:   The Artwork is In Safe Hands ............1

II.  Plaintiff Nejma Beard  Has Apparently  Abandoned Her Claims By Failing To File Any Argumentation In Support of Her Standing In Opposition to the Cross-Motion To Dismiss The Complaint ..............................................................................................................1

III. The Claims of Peter Beard Studio, LLC Should Be Dismissed and Leave To Replead Should Be Denied For Failure To Allege That It Is The Exclusive Licensee of A Right Protected Under the Copyright Act ..............................................................................................................2

IV. This Court Lacks Subject Matter Jurisdiction Over Paintings on Photographs:  Peter Beard Has Failed To Allege Registration of Derivative Works of Visual Art Made From Photographs 4

V.  The Proposed Amended Complaint Fails To State A Claim For Copyright Infringement Against Mr. Giussani ...............................................................................................................7

VI. The Proposed Amended Complaint Fails To State A Claim For Violation of Section 43(a) of the Lanham Act Against Mr. Giussani ....................................................................................8

VII. Plaintiffs' Arguments In Support of the Injunction Should Be Rejected and The Motion to Intervene Denied. .............................................................................................................9

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

539 U.S. at 37 ..............................................................................................8, 9

692 F.2d 27 ...................................................................................................4

*Anti-Monopoly v. Hasbro, Inc.*, 958 F.Supp. 895 .........................................2

*Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2001) citing *Feist Publ'ns, Inc. v Rural Telegraph Serv. Co.*, 499 U.S. 340 ..............................................7, 8

*Dineen v. Stramka*, 228 F.Supp.2d 447 ........................................................2

*Don Post Studios, Inc. v. Cinema Secrets, Inc.*, 148 F.Supp.2d 572 ..............10

*Eden Toys*, 697 F.2d at 35.............................................................................5

*Martinez v. Sanders 2004 WL 1234041 at 3*................................................2

*Microsoft Corp. v. Harmony Computer & Electronics, Inc.*, 846 F.Supp. 208 ..................9

*Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F.Supp.2d 995...........6

*Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3d 739...................................8

*Taylor v. City of New York*, 269 F.Supp.2d 68 ..............................................2

## STATE CASES

*Arnold Herstand & Co., Inc. v. Gallery: Gertrude Stein*, 211 A.D.2d 77, 626 N.Y.S.2d 74.........................................................................................5

## FEDERAL STATUTES

17 U.S.C. § 101.............................................................................................4

17 U.S.C. § 106A(a)(1).............................................................................7, 8

17 U.S.C. § 204.............................................................................................3

17 U.S.C. § 501.............................................................................................3

Defendant Luca Giussani submits this Reply Memorandum of Law in Support of the
Cross-Motion to dismiss the complaint and in opposition to entry of a preliminary injunction.
For the reasons set forth below, the Complaint should be dismissed in its entirety.  To the extent
that Mr. Beard has submitted a "Motion to Intervene" and submitted a Proposed Amended
Complaint, such "Motion to Intervene" should not be considered by the court since Mr. Giussani
was not given the notice required by the Federal Rules of Civil Procedure.  The motion to
intervene is simply untimely.  In addition to the untimeliness of the motion to intervene, it
violates this court's Individual Practices Rule 2.A.  We have not fully addressed all of the
arguments raised in support of this motion, and respectfully request the opportunity to do so
should the court entertain it at the appropriate time.

## I.  Plaintiffs Have Failed To Show Irreparable Harm:  The Artwork is In Safe Hands

On April 30, 2007, this court heard oral argument in opposition to extension of a
temporary restraining order.  No extension was granted.  Mr. Giussani's counsel, Dunnington
Bartholow & Miller LLP took possession of the artwork "Man with Crocodile" and reimbursed
art dealer Arne Zimmermann for the money he had paid for the work.   The work is safe, in
possession of a reputable law firm, and is going nowhere.  Mr. Giussani's counsel have agreed
to retain the artwork until a court rules on its authenticity.   Thus, Plaintiffs have utterly failed to
demonstrate irreparable harm and any preliminary injunctive relief is entirely unnecessary.

## II.  Plaintiff Nejma Beard  Has Apparently  Abandoned Her Claims By Failing To File Any Argumentation In Support of Her Standing In Opposition to the Cross-Motion To Dismiss The Complaint

Plaintiff Nejma Beard has failed to file opposition papers to Defendant's Cross-Motion
containing argumentation addressing the issue of standing.   In fact, Nejma Beard does not

1

appear as a Plaintiff in the Proposed Amended Complaint.    As such, any claims Nejma Beard

may have had are deemed "abandoned".   Martinez v. Sanders 2004 WL 1234041 at *3 (S.D.N.Y.

2004)(claims abandoned where plaintiff failed to oppose motion to dismiss); Dineen v. Stramka,

228 F. Supp.2d 447, 454 (S.D.N.Y. 2002)(finding that plaintiff's failure to address claims in

opposition papers "enabl[es] the Court to conclude that [plaintiff] has abandoned them"); Anti-

Monopoly v. Hasbro, Inc., 958 F. Supp. 895, 907 n. 11 (S.D.N.Y. 1997)(holding that plaintiff's

failure to provide any argument opposing defendant's motion "provides an independent basis for

dismissal" and "constitutes abandonment of the issue"); see also Taylor v. City of New York,

269 F. Supp.2d 68, 75 (E.D.N.Y. 2003)(claim abandoned where party opposing motion fails to

address argument in any way).

It is a thoroughly unusual circumstance for a Plaintiff who has already obtained a

Temporary Restraining Order to simply disappear from an action.  Mrs. Beard appears to  have

simply abandoned the claims set forth in the Complaint.   Based on this failure to oppose the

motion, Plaintiff Nejma Beard's claims should be dismissed in their entirety, with prejudice.

III. The Claims of Peter Beard Studio, LLC Should Be Dismissed and Leave To Replead
Should Be Denied For Failure To Allege That It Is The Exclusive Licensee of A Right
Protected Under the Copyright Act

Defendant Giussani went through the time and expense of demonstrating that PBSL had

no standing in this action.   Although in oral argument, counsel gamely argued that the "LLC

operating agreement" would prove that PBSL was the exclusive licensee of Peter Beard

works, that allegation seems to have disappeared into thin air.  As the Copyright Act clearly

sets forth under Section 204(a):

> A transfer of copyright ownership, other than by operation of law, is not valid unless
> an instrument of conveyance, or a note or memorandum of the transfer, is in writing

and signed by the owner of the rights conveyed or such owner's duly authorized agent.

17 U.S.C. § 204(a).   Section 501(b) of the Copyright Act provides that <u>only</u> the "legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).   Mr. Beard's attempted entry into the the fray claiming copyright ownership militates even more strongly in favor of dismissal of PBSL.   If it is alleged that Mr. Beard is the owner of the copyright, the presence of any third party lacking standing is simply clutter.   Plaintiff's brief misses the point entirely.   The <u>Eden Toys</u> case dealt with licensees.   Peter Beard cannot grant a license to <u>anyone</u> to produce original Peter Beard paintings.   The Proposed Amended Complaint alleges that Peter Beard owns the photograph and has the exclusive right to reproduce, distribute, and prepare derivative works from it.   <u>Proposed Amended Complaint ("Prop. Compl.")</u> ¶ 10.   It then alleges that his wife is his exclusive agent and that she conducts his affairs through the Studio.   <u>Prop. Compl.</u> ¶ 11.   The Proposed Amended Complaint does not, and cannot allege that PBSL is the exclusive licensee of the right to produce original paintings from the photograph because Peter Beard has not, and cannot grant such a license.   Whether or not Mrs. Beard acts as Peter Beard's agent or how she conducts affairs is entirely irrelevant to the question of standing under the Copyright Act. The Proposed Amended Complaint simply shows no grounds for PBSL to remain in this litigation.   Thus, PBSL's claims are properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and lack of standing.   Leave should be denied to replead based on futility.

IV.  This Court Lacks Subject Matter Jurisdiction Over Paintings on Photographs:  Peter Beard Has Failed To Allege Registration of Derivative Works of Visual Art Made From Photographs

Congress has provided a statutory scheme that is very favorable to visual artists who create copyrightable works and supplies remedies that have been called "draconian."   But Congress has legislated that a copyright owner must <u>register</u> a claim in a derivative work prior to a federal court having subject matter jurisdiction over the allegedly copyrightable expression contained in the derivative work.   The Copyright Act defines a "derivative work" as "a work based on one or more preexisting works".  17 U.S.C. § 101.   The <u>Eden Toys</u> case provides an example of how an author of a derivative work "would be entitled to any additions made by this work to the existing copyrighted drawings of Paddington."  692 F.2d 27, 33.   In the Proposed Amended Complaint, Peter Beard alleges that he is the copyright claimant in a photograph.  <u>Prop. Compl.</u> ¶ 9.  But the copyright claim is made in "illustrations only", not photographs.   And Mr. Beard, having failed to submit the deposit material upon which Registration Form A-527582 is based, leaves the court to guess exactly what Mr. Beard registered, even after this failure was pointed out to Mr. Beard's counsel. To make matters worse, Mr. Beard then alleges that his copyright in the <u>photograph</u> was infringed by someone (there is no allegation of copying against Mr. Giussani even in the Proposed Amended Complaint) who put ink and paint and blood and drawings and snakeskins and signatures <u>on top of a photograph</u> in which Mr. Beard has not yet properly made a copyright claim.  Prop. Compl. ¶¶18-23.

Mrs. Beard claims it is "red paint". <u>Affidavit of Nejma Beard dated April 20, 2007</u> ("<u>Nejma Beard Aff.</u>") ¶ 22.   Mr. Beard claims it is blood.  <u>Prop. Compl.</u> ¶ 16.  Although it is

clear that their stories don't match, the important matter is that no copyright has been alleged in any of the subject matter <u>added to the photograph</u>.

Thus, even beyond Mr. Beard's defective claim in the photograph, even assuming arguendo that Mr. Beard filed a corrected claim in "photographs" appearing in <u>Eyelids of Morning</u>, the court would lack subject matter jurisdiction over the claims of infringement to the extent such claims extend to any material other than the photographic matter. Compare <u>Eden Toys</u>, 697 F.2d at 35 (discussing alleged infringements of independently copyrightable contributions to underlying work). While Mr. Beard wishes to show the court how all of that added material is "fake", <u>Affidavit of Peter Hill Beard dated May 3, 2007 ("Peter Beard Aff.")</u> ¶ 4, – he must first simply follow the rules set forth by Congress and register copyright claims both in the "photograph" and then in the various materials and the expression which he claims have been infringed, or "faked."   Once all such claims are registered, "the factual question here depends entirely on visual comparison of exhibits." 697 F.2d at 35.

As is revealed in the original moving papers, this action is really based on a grudge held by Mrs. Beard against Peter Beard's former agent, Peter Tunney, accusing him of decadence, abuses, and intimating that he was involved with thefts in Miami. <u>Nejma Beard Aff.</u> ¶ 9. New York Courts are very skeptical of artists claiming that their works have been faked, and the opinion in <u>Arnold Herstand & Co., Inc. v. Gallery: Gertrude Stein</u>, 211 A.D.2d 77, 626 N.Y.S.2d 74 (1st Dept. 1995) gives a highly entertaining picture of how throughout history artists have found all sorts of reasons to claim that their own works are fakes.

Although Mrs. Beard's Affidavit made a great show of claiming that the Time Is Now Gallery Inc.'s stamp was falsified, <u>Nejma Beard Aff.</u> ¶ 30, – Mr. Beard, although incorporating his wife's arguments by reference – is silent on that question.   Mr. Beard is

also silent on the question of whether he knew the man who sold the artwork to Mr. Giussani, Mario Di Benedetto (aka "Sato"). Mr. Giussani has clearly met his burden of tracing the chain of title of the artwork to show a basis for the first-sale doctrine. c.f. Microsoft Corp. v. Software Wholesale Club, Inc., 129 F. Supp.2d 995 (S.D. Tex. 2000) Mr. Beard is also silent on whether he had a habit of bartering artworks to cover his party expenses or kept any sort of inventory of his artworks.   As the opinion in Arnold Herstand makes clear, there are all sorts of reasons that a man might not own up to his own artworks or find it very convenient to deny provenance at will.   Mr. Beard's non-denial denial of a clearly alleged provenance, together with (yet again) attacks on Fabio Fasolini, Peter Beard's former agent in Italy, is strong circumstantial evidence, together with Mr. Giussani's direct testimony of how he acquired the work, that shows at a minimum that there are serious questions of fact precluding injunctive relief, and at face value a strong probability that the first sale doctrine would be a successful defense for Mr. Giussani.

The more hyperbolic Mr. Beard's attacks on the artwork become, the more the court should hesitate to accept such statements prior to serious expert analysis.   Forgers generally do a pretty good job. If Peter Beard never signs his name a certain way or splatters paint, neither would a forger. Most compellingly, these claims are simply not copyright infringement. They allege not copying in the most part, but creation of new, dissimilar originals.

But all of these disputes, although quite dramatic and interesting, absent a copyright registration certificate, are non-justiciable in federal court as "copyright" claims.   And to the extent such claims duplicate copyright claims, they are preempted by federal law.   If Mr. Beard wishes to bring an action claiming that someone is "faking" his copyrightable work,

regardless of whether he thinks that the "fake" is poor quality or high quality, he must register his copyrights before bringing an action and having the remedies he seeks.  In an orderly fashion, some day in the future, a federal court may have subject matter over these controversies.   Mr. Beard might well then be in a position to assert the right, as Congress granted to registrants: "to prevent the use of his or her name as the author of any work of visual art which he or she did not create."  17 U.S.C. § 106A(a)(1)(B).   Right now, the court lacks subject matter jurisdiction over the controversy.

V.  The Proposed Amended Complaint Fails To State A Claim For Copyright Infringement Against Mr. Giussani

   The Proposed Amended Complaint fails to allege that Mr. Giussani copied Mr. Beard's artwork.  It alleges that "the Counterfeit work is an enlarged, apparently scanned copy of the Beard Photograph, with blood, ink and items affixed to it by someone other than Beard." Prop. Compl. ¶ 16.   To withstand a motion to dismiss, "a complaint based on copyright infringement must allege: (i) which specific original work is the subject of the claim; (ii) that plaintiff owns the copyright in the work; (iii) that the copyright has been registered in accordance with the statute; and (iv) 'by what acts during what time' defendants infringed the copyright.  Marvullo v. Gruner & Jahr AG & Co., 2001 WL 40772 (S.D.N.Y. 2001) quoting Kelly v. L.L. Cool J, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) aff'd 23 F.3d 398 (2d Cir. 1992).

   In addition, a Plaintiff must allege that the defendant copied "constituent elements of the work that are original."  Boisson v. Banian, Ltd., 273 F.3d 262 (2d Cir. 2001) citing Feist Publ'ns, Inc. v Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).   A plaintiff must allege and

show that a copyright infringement defendant "actually copied" a registered work. Id. citing Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 747 (2d Cir. 1998).

The Proposed Amended Complaint fails to contain any allegation that Mr. Giussani copied the artwork. Thus, the proposed amendment is futile, for failure to state a claim of copyright infringement.

VI. The Proposed Amended Complaint Fails To State A Claim For Violation of Section
43(a) of the Lanham Act Against Mr. Giussani

As part of accession to the Bern Convention, Congress passed the Visual Artists Rights Act ("VARA"), granting, in part, to visual artists the right "to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C. § 106A(a)(1)(B). As cited in the Memorandum of Law, an allegedly false claim of authorship of a copyrighted work covered by VARA and Section 106A simply does not create a claim under Section 43(a) of the Lanham Act. Plaintiffs' Opposition has cited no post-Dastar case law in support of its theory that a 43(a) claim exists. In addition, it makes no sense. The Complaint alleges that Mr. Giussani represented that "Peter Beard" was the author of a painting in commerce. Complaint ¶ 13. That is precisely the right that is implicated by 17 U.S.C. § 106A(a)(1)(B). The Supreme Court example that the Opposition refers to is a hypothetical video producer creating a derivative work that "substantially copied" from the Crusade television series, but if the hypothetical video producer were to use advertising or promotion to claim to purchasers that the video "was quite different from that series," such conduct might give rise to a 43(a) claim. 539 U.S. at 37. Applying Justice Scalia's hypothetical to the situation, Mr. Giussani would have to have copied a Peter Beard and then sold it to consumers through

8

advertising claiming that it was "quite different" from a Peter Beard artwork to fall under Plaintiff's theory.   No such thing happened.

As set forth in the Memorandum of Law:  no Lanham Act claim exists post-<u>Dastar</u> for claims of authors of visual arts that someone has falsely attributed authorship of a work of visual art to them.   The Copyright Act provision clearly applies to "any work of visual art which he or she did not create" and does not exclude "hideous" fakes or in any way make the Copyright dependent on the <u>quality</u> of the allegedly inauthentic work.   As Justice Scalia correctly pointed out, such a reading would "cause[] the Lanham Act to conflict with the laws of Copyright, which addresses that subject specifically." 539 U.S. at 37.

### VII.  Plaintiffs' Arguments In Support of the Injunction Should Be Rejected and The Motion to Intervene Denied.

As set forth above, the artwork is safe and sound.  There is no danger that it will be sold and Mr. Giussani's counsel have agreed to keep the artwork in custody until it is authenticated. Mr. Beard's actions have destroyed all possibility of a sale occurring.

In the <u>Microsoft Corp. v. Harmony Computer & Electronics, Inc.</u>, 846 F. Supp. 208, 212 (E.D.N.Y. 1994), it was undisputed that the defendants were never Microsoft licensees, had been warned of that fact by Microsoft, and there was no evidence proffered that the products were <u>not</u> counterfeit.

On the contrary, Mr. Giussani has testified as to where he obtained the work, his good faith basis for believing the work is authentic, the Gallery stamp on the back of the work, and has otherwise proffered evidence of chain of title and good faith.   The Beards' accounts, peppered as they are with incompetent hearsay, hyperbole, inconsistencies and personal attacks on the integrity of Mr. Beard's former agent, are a far cry from reaching the standards necessary for a

preliminary injunction, even if Defendant could figure out what materials copyright is being

claimed in.    Contrary to Plaintiffs' arguments, the court may award attorneys fees from and

even in excess of an injunction bond in a copyright case.  See, e.g. Don Post Studios, Inc. v.

Cinema Secrets, Inc., 148 F. Supp.2d 572 (E.D. Pa. 2001)(collecting cases).    Rather than simply

(a) acknowledging the utter lack of standing of the Plaintiffs frankly; (b) seeking to assert the

rights of the person whom she clearly believes to be the owner of at least some copyrightable

material; (c) withdrawing the application for a preliminary injunction; and (d) taking the time to

engage in investigation of her clients' inconsistent claims,  Plaintiff's counsel has insisted on

pushing this matter to a preliminary injunction hearing and adding  multiple and irrelevant

parties and claims in a manner clearly intended to be as vexatious and costly as possible.  Based

on all of the foregoing arguments, Mr. Beard's motion to intervene should be denied.

## CONCLUSION

For the reasons set forth above, the First and Second Claims for Relief together with the

balance of the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject

matter jurisdiction and pursuant to Rule 12(b)(6) based on Plaintiff's lack of standing to assert

those claims.  Mr. Beard's "Motion to Intervene" should be denied.  Defendant Luca Giussani

has shown by admissible evidence that should this court find that it has subject matter

jurisdiction, there are sufficiently serious questions on the merits to create a likelihood that Mr.

Giussani will prevail on the merits.   No injunction should issue.

Dated:       New York, New York
             May 9, 2007

                                        Respectfully submitted,
                                        **DUNNINGTON, BARTHOLOW &
                                        MILLER, LLP**

                                        _____/s/_____

By:   Raymond J. Dowd (RD-7508)
*Attorneys for Defendant Luca Giussani*
477 Madison Avenue, 12th Floor
New York, New York 10022
Tel: (212) 682-8811
rdowd@dunnington.com